IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA : <br> : <br>     v. : <br> :   CRIMINAL NO. 2:20-CR-00200-RBS <br> : <br> TEVA PHARMACEUTICALS : <br> USA, INC. and : <br> GLENMARK PHARMACEUTICALS : <br> INC., USA : | |

**STIPULATED PROTECTIVE ORDER**

WHEREAS, the parties (United States of America, Defendant Teva Pharmaceuticals USA, Inc., and Defendant Glenmark Pharmaceuticals Inc., USA) agree to this stipulated Protective Order with a goal towards moving this case forward in a speedy, collaborative, and efficient manner, while also balancing the public interest in access to information concerning the matters addressed in this litigation.

WHEREAS, discovery in this case is likely to involve production of confidential, proprietary, or private information for which special protection from disclosure and use in other proceedings may be warranted.

WHEREAS, this Court may enter a protective order pursuant to Rule 16(d) of the Federal Rules of Criminal Procedure and its general supervisory authority.

WHEREAS, the parties stipulate to and request that the Court enter the following stipulated Protective Order:

**IT IS HEREBY ORDERED** that:

    1.    This Protective Order, entered pursuant to Rule 16(d) of the Federal Rules of

Criminal Procedure, applies to the discovery materials produced by the government in the above-referenced criminal case (hereinafter "Protected Materials").

2. Defendants and Defendants' counsel, upon receiving the Protected Materials, may only use, disclose, or disseminate the Protected Materials, and any information taken therefrom, in preparation of the defense of this case. No party or its counsel may disclose the Protected Materials to members of the media.

3. Defendants and Defendants' counsel may not use, disclose, or disseminate the Protected Materials for any purpose, including any commercial or business purpose, and in connection with no other proceeding, including pending civil proceedings, that is not in preparation of the defense of this case. Defendants and Defendants' counsel shall further not use, disclose, or disseminate any information taken from the Protected Materials for any commercial or business purpose.  Should Defendant Glenmark Pharmaceuticals Inc., USA, and its counsel disclose or disseminate Protected Materials to Glenmark Pharmaceuticals Ltd., in preparation of the defense of this case, Glenmark Pharmaceuticals Ltd., although not a party to this case, will be subject to the provisions of this Protective Order as if it were a party/Defendant.

4. Any third party or its counsel to whom disclosure or dissemination is made pursuant to this Protective Order may only use the Protected Materials and any information taken therefrom in preparation of the defense of this case and may neither disclose or disseminate the Protected Materials to any other party.

5. If Defendants or Defendants' counsel disseminate or disclose any Protected Materials to a third party or its counsel, Defendants or Defendants' counsel shall obtain from one representative of each such third party and its counsel (if applicable), at the time of

disclosure or dissemination, the following written statement:

> I acknowledge that discovery materials (known as the Protected Materials) provided to me are protected from further use, disclosure, or dissemination by the Court's Protective Order, date [INSERT DATE], a copy of which I have received and read in its entirety. I agree to be bound by its provisions.

Neither Defendants nor Defendants' counsel shall be required, absent further court order, to disclose the identities of the third parties to which it has disclosed or disseminated the Protected Materials or the written statements obtained from those third parties and their counsel. Defendants' counsel shall maintain a copy of each such signed statement. However, Defendants and Defendants' counsel need not obtain such statement from any member of the Defense Team (defined as attorneys, clerks, student personnel, experts, consultants, paralegals, investigators, support personnel, third party data processing vendors, and secretarial staff involved in the representation of Defendant in this case), or from Glenmark Pharmaceuticals, Ltd., all of whom must be given a copy of this Protective Order and are bound by the terms of this Protective Order. No third party shall be required, absent further court order, to disclose its receipt of Protected Material or the aforementioned written statement pursuant to this Protective Order. If Defendants or Defendants' counsel disclose or disseminate any information taken from the Protected Materials to a third party (as distinguished from the Protected Materials themselves), then Defendants and Defendants' counsel shall inform each such third party and counsel for such third party, if any, of the existence of this Protective Order, including the prohibitions in Paragraph 4, and shall inform each such third party and its counsel of the continuing obligation to inform any recipient of information taken from the Protected Materials of the existence of this Protective Order.

6. Defendants and Defendants' counsel shall use reasonable care to ensure that the Protected Materials are not disclosed or disseminated to any third parties in violation of this

Protective Order. In the event of an inadvertent disclosure of Protected Materials, Defendants' counsel shall, within 3 days of learning about the inadvertent disclosure, notify the United States that an inadvertent disclosure has occurred. Defendants' counsel shall use all reasonable efforts to secure the return or destruction of the inadvertently disclosed Protected Materials. If, after 5 days from the date that the United States were notified about the inadvertent disclosure, Defendants' counsel are unable to secure the return or destruction of the inadvertently disclosed Protected Materials, they shall promptly notify the government as to the identity of the recipient of the inadvertently disclosed Protected Materials.

7. If Defendants or Defendants' counsel, or a third party or its counsel, has obtained Protected Materials pursuant to this Protective Order and, in the context of another court proceeding, investigation, or inquiry, receives a subpoena or other compulsory process commanding the production of such Protected Materials or derivative materials and information, the party shall promptly notify the subpoenaing entity of the existence of this Protective Order, and promptly notify Defendants' counsel who provided the Protected Materials, whereupon the Defendants' counsel will promptly notify the United States and the original source party of the Protected Materials, so that the United States and the original source party can have an opportunity to object to the disclosure. If nonetheless either Defendant, or a third party, is compelled by subpoena, court order, or other compulsory process to produce the Protected Materials, then production of such materials shall not be deemed a violation of this Protective Order so long as prompt notification was provided as described above. If Defendants, Defendants' counsel, a third party, or counsel for a third party receives a motion to compel production of the Protected Materials, that party shall promptly notify Defendants' counsel (if applicable) and shall advise the court in which such a motion is made of the existence of this

Protective Order. Nothing contained in this Protective Order is intended to indicate that any other court order would have priority over this Protective Order. Moreover, nothing contained herein shall waive any party's objection to the jurisdiction of the other court.

8. This Protective Order shall not prevent the disclosure of the Protected Materials, or information derived therefrom, in any motion, hearing, trial, sentencing proceeding, or appeal held in this criminal case or to any judge or magistrate of this Court (or to the Court personnel of this Court) for purposes of this criminal case.

9. The terms of this Protective Order shall not apply to documents or information obtained by the Defendants or Defendants' counsel from a source other than the government's production of Protected Materials.

10. The failure of a third party or its counsel to comply with any provision of this Protective Order shall not be deemed a violation of this Protective Order by Defendants and Defendants' counsel, provided that the provisions of Paragraph 5 have been complied with.

11. Anyone in possession of Protected Materials or information derived therefrom shall maintain their confidentiality pursuant to the terms of this Protective Order after this case is disposed of by trial, appeal, if any, or other resolution of the charges against the Defendants. Upon completion of the case, Defendants and Defendants' counsel and members of the Defense Team to whom disclosure or dissemination of the Protected Materials, or any information taken therefrom, is made pursuant to this Protective Order shall, upon request of the government, return all such materials in their possession or control, as well as all copies made thereof. Any third party or their counsel to whom disclosure or dissemination of the Protected Materials, or any information taken therefrom,

is made pursuant to this Protective Order shall, upon request of the government made to Defendants and Defendants' counsel, destroy all such materials in their possession or control, as well as copies made thereof, or return such materials and copies made thereof to Defendants' counsel. This paragraph shall not apply to that portion of any Protected Materials that were made part of the record in any public filing or public proceeding.

12. To the extent any material is produced by the United States to Defendants' counsel by mistake, the United States shall have the right to request the return of the material and shall do so in writing. Within three days of the receipt of such a request, Defendants, Defendants' counsel, members of the Defense Team, and any third parties to whom disclosure has been made shall return all such material if in hard copy, and in the case of electronic materials, shall certify in writing that all copies of the specified material have been deleted from any location in which the material was stored, and any information derived therefrom also has been destroyed. However, if either Defendant has a good-faith basis for believing he is entitled to the material and objects in writing within five days of receipt of such a request from the government, such Defendant shall not be required to return such materials absent a court order.

13. Nothing in this Protective Order shall preclude any interested party from filing a motion seeking a modification of the Protective Order.

**IT IS SO ORDERED.**

**SIGNED** on this  29th  day of  September  , 2020.

**BY THE COURT:**

/s/ R. Barclay Surrick
**R. BARCLAY SURRICK, J.**