

2001 M Street NW, 10th Floor
Washington, DC 20036

WWW.WILKINSONSTEKLOFF.COM
–––
A LIMITED LIABILITY PARTNERSHIP

June 10, 2021

*Via Electronic Filing*

The Honorable R. Barclay Surrick
United States District Judge
United States District Court for the Eastern District of Pennsylvania
601 Market Street, 8th Floor
Philadelphia, PA 19106

**Re:**    ***United States v. Glenmark Pharmaceuticals Inc., USA et al.*, 20-cr-200 (RBS)**

Judge Surrick:

Defendants Teva Pharmaceuticals USA, Inc. ("Teva") and Glenmark Pharmaceuticals Inc., USA ("Glenmark") respectfully submit this letter in response to the Antitrust Division's unsolicited motion for entry of a second amended proposed scheduling order (Dkt. No. 91). The Antitrust Division's new proposed schedule is unrealistic and impracticable for the same reasons Defendants noted in response to the Antitrust Division's prior unsolicited proposal (Dkt. No. 78).

The Antitrust Division's new proposed trial date of January 18, 2022 is unrealistic in light of the enormous volume of complex discovery in this case (more than 22 million documents and counting), as well as the backlog of trials in this District due to the pandemic. Given the sheer volume of discovery, setting a premature trial date, like the one suggested by the Antitrust Division, would unduly prejudice Defendants. The Court has already designated this matter complex, and there is no reason to rush to trial a case that the Antitrust Division spent more than four years investigating. The Antitrust Division's proposal is also impracticable because the Division itself has repeatedly taken the position that the related case against Ara Aprahamian should be tried before this case. Further, the Antitrust Division proposes that any substantive motions be filed by August 6, 2021. But correspondence between the Antitrust Division and Defendants has revealed multiple substantial issues that will need to be resolved before Defendants would be in a position to fully brief any motions to dismiss.

Setting a full schedule now is also unreasonable because of Glenmark's anticipated motion to sever. The Second Superseding Indictment in the case includes three counts alleging three separate and distinct conspiracies, of which Glenmark is only charged in one. Glenmark contends, as will be detailed in Glenmark's motion, that a decision on severance will have drastic implications on Glenmark's trial preparation because the vast majority of the over 22 million documents produced in discovery relate to counts where Glenmark is not charged. And both Defendants agree that a decision on severance will impact the remaining schedule in this matter, including the timing and scope of any trials. For these reasons, it makes little sense to set a

comprehensive schedule for this case before the Court determines whether or not to sever the Second Superseding Indictment.  At this time, Teva takes no position on Glenmark's forthcoming motion to sever but as stated above, agrees that the outcome of that motion will have a significant impact on scheduling for the balance of this case.

As the Antitrust Division recognizes in its proposed schedule, any motions to sever should be raised first.  Defendants agree and suggest that the Court resolve Glenmark's motion to sever before setting a full schedule.  Glenmark stands ready to file its motion to sever and Teva will respond to that motion at the time directed by the Court.

For these reasons and those previously outlined by Defendants in response to the Antitrust Division's prior proposed scheduling orders (*see* Dkt. No. 78), Defendants request that the Court reject the Antitrust Division's new proposed schedule and resolve Glenmark's motion to sever before setting realistic dates for the balance of the case.  Specifically, Defendants propose that the Court:

(1) schedule, for the motion to sever, an opening brief due June 25, 2021, response briefs due July 16, 2021, and a reply brief due July 30, 2021, to be followed by oral argument at such time as the Court can accommodate in-person argument given the pandemic and other scheduling concerns;

(2) defer scheduling motions to dismiss given the overwhelming discovery and complexity of this case, the impacts of the pandemic, and the need to resolve antecedent issues; and

(3) defer setting a trial date and other pre-trial deadlines until there is more certainty about what the trial(s), if necessary, will look like.

Respectfully yours,

/s/ David Axelrod
David L. Axelrod
R. Stephen Stigall
**Ballard Spahr LLP**
1735 Market Street, 51st Floor
Philadelphia, PA 19103
axelrodd@ballardspahr.com
stigalls@ballardspahr.com

/s/ *Kosta S. Stojilkovic*
Kosta S. Stojilkovic (*pro hac vice*)
**Wilkinson Stekloff LLP**
2001 M Street NW, 10th Floor
Washington, D.C. 20036
kstojilkovic@wilkinsonstekloff.com

2

*/s/ Mark Ressler*

Mark P. Ressler (*pro hac vice*)
**Kasowitz Benson Torres LLP**
1633 Broadway
New York, NY 10019
mressler@kasowitz.com

*Attorneys for Teva Pharmaceuticals
USA, Inc.*

cc:    Government Counsel of Record (via ECF)

*/s/ Lisa C. Dykstra*

Lisa C. Dykstra
**Morgan, Lewis & Bockius LLP**
1701 Market Street
Philadelphia, PA 19103-2921
lisa.dykstra@morganlewis.com

*Attorneys for Glenmark
Pharmaceuticals Inc., USA*